IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS M. GUERRA,

        Petitioner,

        v.                              CASE NO. 13-3211-SAC

JUDGE WILLIAM R. MOTT,
et al.,

        Respondents.

**O R D E R**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. Mr. Guerra seeks to challenge his state convictions in three separately-numbered criminal cases. Having examined the materials filed, the court finds that the petition is deficient in several ways. Petitioner is given time to show cause why this action should not be dismissed for failure to state supporting facts and failure to show full and proper exhaustion of state court remedies. If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.

The court first finds that petitioner's filings are deficient because he has neither paid the statutory filing fee of $5.00 nor submitted a motion to proceed in forma pauperis (IFP) with financial information in support. Mr. Guerra has previously been informed that a filing fee is required in order to file an action in federal

1

court.  The filing fee must be satisfied in one of these two ways before this action may proceed further.  Petitioner is given time to satisfy the fee.

Second, petitioner names persons as respondents who are not proper respondents.  The only proper respondent in a habeas corpus petition is the petitioner's current custodian.  Neither the sentencing judge nor petitioner's court-appointed attorney is a proper respondent in this action.  Accordingly, these two named respondents are dismissed from this action.

Third, petitioner may not challenge more than one state conviction in a single habeas corpus petition.  Here, he attempts to challenge convictions that he indicates were entered in three separate criminal cases.  He states that the convictions he seeks to challenge were entered in Sumner County District Court and lists them as follows:  Case No. 09CR6, Attempt to Commit Sexual Exploitation of a Child; Case No. 09CR72, Rape; and Case No. 10CR211, Battery against a Corrections Officer.[1]  Petitioner was sentenced in both 09 cases on November 18, 2010, and thus arguably may be allowed to challenge these two convictions in this single petition.[2] However, he provides no reason why he should be allowed to challenge

---

1    The court takes judicial notice of *State of Kansas v. Guerra*, 313 P.3d 836 (Kan. Nov. 27, 2013), a "sentencing appeal" in which Guerra contended that the Sumner County District Court abused its discretion in case No. 10CR211 by denying his request for a downward sentencing departure.  The Kansas Supreme Court found no sentencing error.  They noted that Mr. Guerra was sentenced in this case for "his two battery against a correctional officer convictions."

2    These offenses occurred in July 2008 and April 2009, respectively.

his unrealed battery conviction, for which he was sentenced in October 2011, in this action.[3] Accordingly, the court dismisses from this action any claim that petitioner may have in regard to his conviction or sentence for battery in case No. 10CR211.[4] This dismissal is without prejudice to Mr. Guerra filing a separate habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge his battery conviction or sentence.[5]

Fourth, petitioner fails to show that he has fully and properly exhausted state court remedies on any of his claims. Mr. Guerra filed a previous action in this court in which he improperly attempted to challenge these same convictions by civil rights complaint. In that action, *Guerra v. Mott*, Case No. 13-3119-SAC (Aug. 14, 2013), he was informed that 28 U.S.C. § 2254(b)(1) provides:

---

[3]   The records of Kansas Department of Corrections' offenders available online (KASPER) indicate that Mr. Guerra is currently serving three active sentences, including those in cases 09CR6 and 09CR72. However, case No. 10CR211 is not listed as active. A third active sentence is listed, but it is for case No. 11CR806 in which Mr. Guerra was sentenced in August 2012 in Leavenworth County for one count of attempted "Battery State Corrections Officer or Employee."

[4]   The court might have directed the clerk to copy this single petition and use the copy to open a separate 2254 action challenging Guerra's battery conviction in 10CR211. However, this unrelated case is dismissed instead for at least two reasons. First, Mr. Guerra does not make a single allegation in this petition that could be viewed as a habeas corpus challenge to his battery conviction or sentence. Second, it does not appear that Mr. Guerra is currently serving a sentence in case No. 10CR211. Generally, he must be "in custody" on a particular conviction or sentence in order to challenge it by way of federal habeas corpus. If Mr. Guerra has a federal claim with regard to any battery conviction or sentence, he must file a separate 2254 petition in which he states claims and supporting facts relevant to that conviction or sentence only. Such a new petition must be presented upon court-approved forms, which he may obtain by requesting 2254 forms from the clerk's office.

[5]   Mr. Guerra is again reminded of the one-year time limit for filing a federal habeas corpus petition challenging a state conviction, and that it is not tolled by a habeas corpus action pending in federal, rather than state, court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . . .

He was further informed that this statutory exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The court also explained that this means his claims must have been "properly presented" to "the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Fifth, petitioner utterly fails to allege facts to support four of the claims he presents and fails to state a claim for habeas corpus relief in his other two grounds. Although petitioner presents his claims as four grounds, he actually sets forth six claims. As Ground One he claims: (1) he was not read his Miranda rights when he was arrested and questioned; (2) he was refused the right to confront the State's witnesses against him; and (3) he was refused the right to present witnesses in his favor. As Ground Two, he claims (4) that he was refused the right to have his bail reduced, while in Ground Two and Three he claims (5) that he was subjected to cruel and unusual punishment and denial of due process when he was "beaten by six different sheriff deptudies (sic) 22 different times while he was in the Sumner County Jail." Finally, as (Ground Four) he claims (6)

4

that he was wrongfully convicted because of racial discrimination by Judge Mott. Petitioner's first three claims listed in Ground One are nothing more than conclusory statements. His Ground Four is also completely conclusory. Petitioner must allege facts to support these claims including dates, content of potential cross-examination or witness testimony, facts showing discrimination by the judge, or a description of other relevant circumstances. Otherwise, these claims will be dismissed for failure to state any supporting facts whatsoever.

Petitioner's allegation that he was denied a reduction in bail or that his bail was excessive does not present grounds entitling him to release from his convictions and sentences. Likewise, petitioner's allegations that he was beaten while in the Sumner County Jail are not a habeas corpus claim that, if proven, would entitle him to release from valid convictions and sentences. These non-habeas claims are dismissed from this petition, without prejudice.

Mr. Guerra is given time to show cause why his remaining claims, which are those involving his 2009 sex-offense convictions and sentences, should not be dismissed on account of his failure to allege facts in support as well as his failure to plainly allege facts showing that he raised each of these claims in the trial court, then to the Kansas Court of Appeals, and finally to the Kansas Supreme Court. If he fails to show good cause within the prescribed time,

5

this action will be dismissed without further notice for failure to state supporting facts and failure to show exhaustion.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied as against Judge William R. Mott and Court Appointed Attorney Michael C. Brown, as they are not proper respondents.

**IT IS FURTHER ORDERED** that any claims petitioner may be raising regarding his conviction for battery on a correctional officer in Case No. 10CR211 are dismissed from this action without prejudice to his filing another 2254 petition challenging only that separate conviction.

**IT IS FURTHER ORDERED** that petitioner's non-habeas claims, that he was denied bail and beaten while in jail, are dismissed without prejudice.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee by either paying $5.00 to the court or submitting a properly supported Motion for Leave to Proceed in forma pauperis upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to show cause why this action should not be dismissed for failure to state facts in support of his remaining claims and failure to show exhaustion of state court remedies on those claims.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2014, at Topeka, Kansas.

          **s/Sam A. Crow**
          **U. S. Senior District Judge**